FILED

2014 NOV -7  PM 4: 03

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
      DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

**LUCIANO REYES JAIMES,**
                    **Petitioner,**

-vs-                                    Case No.  A-14-CA-322-SS

**WILLIAM STEPHENS,**
                    **Respondent.**

_____

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Luciano Reyes Jaimes's Petition for Writ of Habeas Corpus [#7], the Report and Recommendation of United States Magistrate Judge Mark Lane [#13], and Respondent William Stephens's Objections [#14] to the Report and Recommendation.  Petitioner filed no objections to the Report and Recommendation.

All matters in this case were referred to United States Magistrate Judge Mark Lane for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Jaimes is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections.  28 U.S.C. § 636(b)(1).  All other review is for plain error.  *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).  Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

/

## Background

### I.      Procedural Background

Stephens avers he has lawful and valid custody of Jaimes pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas.  On February 21, 2007, following his indictment on the charge of aggravated assault with a deadly weapon, Jaimes pled guilty.  On March 2, 2007, the trial court deferred adjudication of Jaimes's guilt contingent upon his completion of seven years of community supervision.  Jaimes did not appeal the deferred-adjudication order.

On August 9, 2007, the State moved to proceed with adjudication of Jaimes' guilt and obtained a warrant for Jaimes' arrest, although Jaimes was not actually arrested until August 2010.  After his arrest, on November 22, 2010, Jaimes was adjudicated guilty and sentenced to eighteen years' imprisonment.  The Third Court of Appeals affirmed Jaimes's conviction and sentence on February 10, 2012, *Jaimes v. State*, No. 03-10-00813-CR, 2012 WL 413926 (Tex. App.—Austin 2012, pet. ref'd), and on May 23, 2012, the Texas Court of Criminal Appeals refused Jaimes's petition for discretionary review.

On April 22, 2013, Jaimes, represented by counsel, filed an application for state habeas relief, which the Texas Court of Criminal Appeals denied on January 22, 2014 without written order.  *Ex parte Jaimes*, Appl. No. 79,692-01.  The instant petition followed.

### II.     Factual Background

As noted by the Magistrate Judge, the factual background of this case is found in the Third Court of Appeals opinion and is repeated in pertinent part below.

In October 2005, Jaimes shot his former wife's current husband after an altercation regarding the care of Jaimes's daughter. In February 2007, . . . the district court placed Jaimes on deferred adjudication community supervision for seven years. The conditions of Jaimes's community supervision included . . . [a requirement he] serve 90 days in the Travis County Jail and . . . report to his community supervision officer on the second Wednesday of each month at 9:00 a.m. and at any subsequent time as instructed by that officer.

On August 9, 2007, the state filed a motion to proceed with an adjudication of guilt. The State alleged that Jaimes violated the terms and conditions of his probation by . . . failing to report to his community supervision officer in the month of July 2007. . . .

At the hearing, the State presented evidence to support the allegation. Kathy Holt, an employee of the Travis County Community Supervision and Corrections department, testified that she signed the document setting forth the conditions of community supervision for Jaimes in February 2007. She testified the conditions were reviewed with Jaimes. The document includes an acknowledgment, signed by Jaimes, stating that he received a copy of the conditions of community supervision, that they were read to him by his attorney, and that he understood and agreed to obey them. . . . Holt testified that while Jaimes did report for his initial office visit on March 1, 2007, he did not report after that, including in July 2007.

Holt further testified that Jaimes reported to jail to serve his 90 days on March 9, 2007, and at that time "there was an ICE or INS hold placed on him." Holt testified that she believed that Jaimes was deported "during that time." Holt also confirmed that although Jaimes was arrested in Austin in August 2010, and had therefore clearly returned to the United States, he had never contacted his community supervision officer. There was no evidence regarding when Jaimes was actually deported, nor was there any evidence regarding how or when Jaimes returned to the United States. Jaimes did not testify at the hearing. . . .

*Jaimes*, 2012 WL 413926 at *1–2.

On appeal, Jaimes argued the district court abused its discretion in revoking his supervision.

The appellate court rejected his argument, noting there was no evidence in the record Jaimes was in

any way unable to report and concluding the State satisfied its burden to prove, by a preponderance of the evidence, that Jaimes failed to report in July 2007.[1]  *Id.* at *3.

## III.    Jaimes's Grounds for Relief

Jaimes raises the following grounds for relief:

(1)    His counsel was ineffective for failing to adequately advise him of the immigration consequences of his guilty plea;

(2)    His counsel was ineffective for failing to adequately explain the plea offer;

(3)    His counsel was ineffective for failing to mount a defense during the revocation hearing.

## IV.    Exhaustion of Remedies

There is no dispute Jaimes has exhausted his state remedies concerning his third ground for relief, and this Court's independent review of the record so confirms.  As set forth below, Jaimes's first two claims are time-barred.

### Analysis

## I.    Claims One and Two

As Jaimes's first two claims for relief concern events which took place during his 2007 criminal proceedings, both are time-barred.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for state inmates seeking federal habeas corpus relief.  28 U.S.C. § 2244(d).  More specifically, § 2244(d)(1) provides:

---

[1] In its motion for revocation, the State further alleged Jaimes violated the conditions of his supervision by failing to pay portions of his restitution, fines, and fees required by the supervision agreement.  As Jaimes's failure to report was sufficient to support revocation, however, the Third Court of Appeals did not address the State's other allegations.

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. 28 U.S.C. § 2244(d)(2).

A deferred-adjudication order is a "judgment" for AEDPA purposes. *Tharpe v. Thaler*, 628 F.3d 719, 724 (5th Cir. 2010). Thus, Jaimes's judgment became final, at the latest, on or about April 1, 2007, when the time for Jaimes to appeal from the deferred-adjudication order expired. *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Jaimes therefore had until April 1, 2008 to timely file his federal petition, but did not do so until April 10, 2014, long after the limitation period had expired. The record does not reflect any unconstitutional state action impeded Jaimes from filing for federal habeas corpus relief before the limitation period expired. *See* 28 U.S.C. § 2244(d)(1)(B). Nor do the claims raised by Jaimes concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. *See id.* § 2244(d)(1)(C). Jaimes also has not shown he could not have discovered the factual predicates of his claims through the exercise of due diligence. *See id.* § 2244(d)(1)(D). Further, Jaimes's

application for state habeas relief came too late to toll the limitations period, as the limitations period had already expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Jaimes's first two claims are time-barred.

## II.     Claim Three

Jaimes's third claim, however, is timely, as it challenges his counsel's performance during his 2010 deferred-adjudication revocation proceeding. Specifically, Jaimes claims his counsel was ineffective because he failed to offer evidence proving Jaimes had been deported before July 2007, and thus was unable to report to his probation officer. Respondent argues Jaimes's claim is barred by *Teague v. Lane*, 489 U.S. 288 (1989), as no existing Supreme Court precedent establishes a criminal defendant has the right to effective assistance during a deferred-adjudication revocation proceeding. Assuming without deciding Jaimes had the right to counsel at that proceeding, his claim nevertheless fails, as he has failed to carry his burden to show the state court's conclusion he failed to make out an ineffective assistance claim was unreasonable or incorrect.

## A.     Ineffective Assistance of Counsel

The United States Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), provides the familiar two-pronged test for establishing an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687. To establish deficient performance, Jaimes must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, [Jaimes] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689. To establish prejudice, Jaimes must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Further, as the Fifth Circuit has explained, review of an ineffective assistance claim in the AEDPA context is doubly deferential to the state court:

> It bears repeating that the test for federal habeas purposes is *not* whether [the petitioner] made [the *Strickland*] showing. Instead, the test is whether the state court's decision—that [the petitioner] did *not* make the *Strickland* showing—was contrary to, or involved an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim.

*Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003) (emphasis in original).

Even assuming Jaimes could demonstrate his counsel was deficient in failing to introduce evidence Jaimes was unable to report because he had been deported, Jaimes has not shown but for that purported error, the result of his revocation proceeding would have been different. As the Magistrate Judge points out, Jaimes' failure to report need not have been willful in order for his community supervision to have been properly revoked. *See, e.g.*, *Pineda v. State of Texas*, No. 05-01-01921-CR, 2002 WL 777830, at *2–3 (Tex. App.—Dallas Apr. 30, 2002, no pet.) (finding sufficient evidence appellant violated probation by failing to report over appellant's argument he believed his punishment was over because he had been deported); *Rivera v. State of Texas*, No. 07-00-0120-CR, 2000 WL 1247667, at *2 (Tex. App.—Amarillo Aug. 31, 2000, no pet.) (rejecting

argument "deportation relieves one from his condition to report"). Consequently, Jaimes' third claim must be rejected.

## Conclusion

Having independently reviewed the record, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of the facts in light of the evidence presented. Thus, the Court agrees with the Magistrate Judge's conclusion Jaimes is not entitled to habeas relief.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a

constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Jaimes's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

IT IS ORDERED that Respondent William Stephens' Objections [#14] are OVERRULED;

IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#13] is ACCEPTED;

IT IS FURTHER ORDERED that Petitioner Luciano Reyes Jaimes's Petition for Writ of Habeas Corpus [#1] is DENIED as to his claim of ineffective assistance during his deferred-adjudication revocation proceedings and DISMISSED WITH PREJUDICE as time-barred in all other respects; and

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the ___7th__ day of November 2014.


SAM SPARKS
UNITED STATES DISTRICT JUDGE